UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C.B. METCALF,

        Plaintiff,

v.

INTERNAL REVENUE SYSTEM d/b/a IRS,
et al.

        Defendants.
_____/

Case No. 09-12594

Honorable Nancy G. Edmunds

## ORDER OF DISMISSAL

Plaintiff filed a complaint on July 2, 2009, against the Internal Revenue Service d/b/a IRS, "For Profit General Delaware Corporation Incorporation date 7/12/33 File No. 0325720 also known as Trust #62 Puerto Rico, USA." The following consists of all the allegations in Plaintiff's complaint:

> I, a man, appearing as C.B. Metcalf, Affiant, do state that I am over the age of twenty-one years, competent with first hand knowledge, and that:
>
> JURISDICTION AND VENUE
>
> 1. Affiant has been doing business as C.B. METCALF within the jurisdiction and venue of this Court, and that
> 2. The IRS, <u>diverse</u> from C.B. METCALF, and foreign to C.B. METCALF, also does business within the jurisdiction and venue of this Court, and that
> 3. Jurisdiction is granted to the USDC in this matter by Affiant, and that
> 4. The Court is indemnified by the bond of C.B. METCALF (see attached Birth Certificate of C.B. Metcalf), and that
> 5. Affiant has the right to petition for declaratory judgment on issues related to this matter, and that
> 6. The judgment on this Petition will not harm the public, and that
>
> FACTS

7. C.B. Metcalf is a man, and that
8. C.B. Metcalf has a proprietary right to "C.B. METCALF", and that
9. C.B. Metcalf is the only Real Party in Interest, acting as contributing beneficiary, who has put any value into C.B. METCALF, and that
10. C.B. Metcalf is the only legitimate claimant to any equity attached to C.B. METCALF (see attached UCC-1 Financing Statement), and that
11. C.B. Metcalf is entitled to any interpleaded funds relating to C.B. METCALF, and that

## THEREFORE

12. Affiant denies that the Defendant has any proprietary right to "C.B. METCALF" and that
13. There is not any evidence that Defendant has any proprietary right to "C.B. METCALF", and Affiant believes that not any exists, and that
14. Affiant denies that the Defendant has put any value into C.B. METCALF, and that
15. There is not any evidence that Defendant has put any value into C.B. METCALF, and Affiant believes that not any exists, and that
16. Affiant denies that the Defendant has any equitable claim to C.B. METCALF, and that
17. There is not any evidence that Defendant has any equitable claim to C.B. METCALF, and Affiant believes that not any exists, and that
18. Affiant denies that Defendant is entitled to any interpleaded funds relating to C.B. METCALF, and that
19. There is not any evidence that Defendant is entitled to any interpleaded funds relating to C.B. METCALF, and Affiant believes that not any exists, and that

## CAVEAT AND NOTICE

20. Notwithstanding any assumed contracts, implied, constructed, invisible, adhesion, signed or unsigned, the Defendant is in breach of any such alleged contract for **failure of consideration**, and that

21. Defendant is liable to C.B. Metcalf for the breach, and that

## CONCLUSION

22. Therefore, this Court ought on its own motion to rule that:

   A. C.B. Metcalf is the only party who has put any value into C.B. METCALF, and that
   B. C.B. Metcalf is entitled to any equity attached to C.B. METCALF, and that
   C. C.B. Metcalf is entitled to any interpleaded funds related to C.B. METCALF,

and that
D. The Defendant is barred from any collection of any alleged debts from C.B. Metcalf relating to C.B. METCALF, the Defendant having no claim in fact.

I. C.B. Metcalf, on my own unlimited commercial liability do say that I have read the above Petition and do know the contents to be true, correct, and complete, and not misleading, the truth, the whole truth, and nothing but the truth.

(Pl.'s Complt.)

As observed by the Sixth Circuit, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The Court finds that Plaintiff's complaint is, on its face, totally implausible, frivolous and devoid of merit. Accordingly, the Court hereby **DISMISSES** this action pursuant to Rule 12(b)(1).

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 16, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 16, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager